(No. 4258-)

EVERETT H. BONHAM, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 10, 1951.*

TOLLIVER AND BAYLER, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Everett H. Bonham, was employed as a laborer on July 26, 1948, in the Division of Highways of the Department of Public Works and Buildings. Claimant was 50 years of age, married, and had no children under 16 years of age dependent on him for support. On that date claimant was one of a group of employees assigned to assist in loading a power mower on to a truck. Planks had been laid from the rear of a truck bed to the pavement, thus making a ramp up which the tractor was to be driven onto the truck. Mr. Bonham was driving the power mower, and as the rear wheels approached the upper end of the plank ramp, the planks slipped off the truck allowing the rear of the mower to fall to the pavement. The mower teetered perpendicularly on the rear wheels, with Mr. Bonham's left leg wedged under the steering wheel. He used his right leg and foot to press against the tractor to prevent it from

tipping over upon him, and forcibly bending his left knee backwards. The weight of the teetering power mower was carried by the region of Mr. Bonham's hips and lower back, which were resting on the pavement. Fellow employees immediately extricated Mr. Bonham from the power mower, and took him to St. Anthony's Hospital in Effingham, where Dr. E. L. Damron was placed in charge of the case.

On July 31, 1948, Dr. Damron prepared the following report:

"Nature of injury, ligaments of left leg bruised and torn. Knee bruised, lower lumbar and sacral region of the back bruised, abrasions of the entire lower back. Bruised over body."

Dr. Fred Reynolds examined claimant and on February 7, 1949, made the following report:

"It was our feeling that he was suffering from a ruptured intervertebral disc and a flexion deformity of the left knee, and we recommend that he have hospitalization for myelograms, and removal of the disc should it be indicated; and, also, at the same time to have wedging plasters applied to the left leg in an effort to strengthen the knee."

Claimant was employed intermittently by the Division of Highways from the date of his first employment until the date of his injury. The wage being paid claimant on July 26, 1948, was 90 cents an hour, and the Division had paid him $902.20 in the year preceding his injury. Claimant was paid compensation for total temporary disability resulting from his injury at the rate of $18.00 a week for the period July 27, 1948, to August 15, 1949, inclusive, in the amount of $949.96. The Division has paid the following creditors in connection with Mr. Bonham's injury: Dr. Fred C. Reynolds, $310.00; Dr. Wendell G. Scott (X-Ray), $30.00; Dr. E. L. Damron, $80.00; Dr. W. J. Gillesby, $25.00; St. Anthony's Hospital, $244.20; Barnes Hospital, $157.78; and, including expense to claimant of $97.22, or a total of $944.20.

Claimant, and witnesses for claimant, testified that claimant operates a 90 acre farm; that about 51 acres of this farm are under cultivation, and the rest in pasture; that he owns about 7 cows and about 28 pigs, at the time of the rehearing before Commissioner Summers. His son works a 20 acre farm nearby. Claimant has operated this farm both before and after his injury. Since his injury, he has been unable to do any kind of work except the farm chores: milking and caring for stock. The record shows that the value of the work claimant can do around the farm at the present time is $30.00 a month, or the sum of $7.50 per week. Claimant's weekly earnings were $18.80 before his injury. The differential between Mr. Bonham's earnings before the accident, and his ability to earn thereafter in other employment in work of a lighter nature is $11.30 a week, 50 per cent of this average weekly difference in wages would be $5.65 a week, or the sum of $293.80 a year. Under Section 8 (d) and (m), claimant's compensation rate is $7.35 weekly.

The testimony tends to show a permanent partial incapacity. From the record in this cause, and the observations of Commissioner Summers of this Court, we are of the opinion claimant has suffered a 25 per cent permanent partial disability.

Claimant will be allowed the sum of $949.96 paid for temporary total disability. This case differs from the case of *Charles Love* vs. *State of Illinois,* No. 4247, in that the total payments for temporary total disability and permanent partial disability together do not exceed the maximum amount provided, which is the amount of a death award.

Claimant is entitled to an award under Section 8 (d) of the Workmen's Compensation Act for permanent par-

tial disability in the amount of $5,200.00. However, under Section 8 (h) of the Workmen's Compensation Act, except in case of complete disability, compensation payments shall not extend over a period of more than eight years, from the date of the accident. Therefore, on the basis of Section 8 (h) claimant, Everett H. Bonham, is entitled to an award of $3,057.60.

An award is, therefore, entered in favor of claimant, Everett H. Bonham, in the amount of $3,057.60 to be paid to him as follows:

$ 633.15 which has accrued, is payable forthwith;
$2,424.45 payable in weekly installments of $7.35, beginning April 17, 1951 for a period of 329 weeks, with a final payment of $6.30.

Marion McKnelly was employed to take and transcribe the evidence at the hearings before Commissioner Summers. Charges in the amount of $40.00 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Marion McKnelly in the amount of $40.00 payable forthwith.

This award is subject to the approval of the Governor, as provided by Section 3 of "An Act concerning the payment of compensation awards to State employees."